**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50076 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05519-LAB-1 |
| v. | |
| JUAN RODRIGUEZ-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 5, 2012
Pasadena, California

Before: GRABER, IKUTA, and WATFORD, Circuit Judges.

The district court concluded that the government did not breach the plea

agreement. We need not decide whether that determination is reviewed de novo or

for clear error because, under either standard of review, the determination is

erroneous.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The conviction documents that the government received after signing the plea agreement confirmed that Rodriguez-Garcia had been convicted of violating California Penal Code section 245(b). But that information was already disclosed on Rodriguez-Garcia's rap sheet, which stated that Rodriguez-Garcia had suffered a parole violation with respect to the 245(b) count and had been ordered "to finish term" on that count. Both entries, which were on the same page, contained the identifying label "CNT:01 #D50749," and no other entries contained a similar identifier. A defendant cannot be ordered to finish a term of incarceration after violating parole unless he was first convicted of the underlying crime. This entry on Rodriguez-Garcia's rap sheet therefore gave the government actual notice of Rodriguez-Garcia's 245(b) conviction.

That the government's lawyer failed to appreciate subjectively the significance of the information disclosed on Rodriguez-Garcia's rap sheet is irrelevant. Nothing in footnote one of the plea agreement says that application of the footnote turns on the government's subjective lack of awareness of the significance of information already within its possession. At the very least, the footnote is ambiguous on that score, and Rodriguez-Garcia reasonably interpreted the footnote to prevent the government from altering its sentencing recommendation based on a conviction already disclosed on his rap sheet. *See*

*United States v. De La Fuente*, 8 F.3d 1333, 1337 & n.7 (9th Cir. 1993) (plea agreement must be construed in accordance with the defendant's objectively reasonable understanding of its terms when he pleaded guilty).

Because the government breached its obligations under the plea agreement, we must vacate Rodriguez-Garcia's sentence and remand the case to a different district judge for resentencing. *United States v. Alcala-Sanchez*, 666 F.3d 571, 577 & n.2 (9th Cir. 2012). In doing so, we intend no criticism of the district court; we remand to a different judge only because our case law demands this remedy. *Id.*

**Rodriguez-Garcia's sentence is VACATED and the case REMANDED for resentencing before a different judge.**

*United States v. Rodriguez-Garcia*, No. 12-50076

IKUTA, Circuit Judge, dissenting:

The plea agreement in this case states:

The parties agree that, if before defendant is sentenced, contrary or additional information is discovered concerning defendant's criminal history that changes defendant's applicable [specific offense characteristics], then the Government may recommend a sentence based upon any such changes.

When the government entered this agreement, it knew that Rodriguez-Garcia had a 2006 felony conviction for the transportation of marijuana. A month later, the government received Rodriguez-Garcia's criminal history report, which revealed a 1987 assault conviction under section 245(b) of the California Penal Code. Because the criminal history report was "contrary or additional information . . . concerning defendant's criminal history," the government did not breach the plea agreement when it changed its sentencing recommendation.

The majority disagrees, claiming that a rap sheet in the government's possession at the time of the agreement disclosed that Rodriguez-Garcia had been convicted of a violation of section 245(b). A fair review of the rap sheet shows nothing of the sort.[1] Even accepting the appellant's claims about how the codes and abbreviations in the rap sheet should be interpreted, nothing in the rap sheet

---

[1]A copy of the rap sheet is attached.

1

states that Rodriguez-Garcia was convicted of a violation of section 245(b).

Moreover, because other convictions are noted expressly on the rap sheet, the clear

inference is that Rodriguez-Garcia was not convicted of a section 245(b) violation.

Most important, the district court, which had twenty years of reviewing such rap

sheets, concluded that "the rap sheet is devoid of any disposition" for the section

245(b) charge. We are bound by this factual finding, because it is not clearly

erroneous.

In reaching a contrary conclusion, the majority relies on a chain of

inferences viewed with the clarity of hindsight. The majority points out that

halfway down the page of coded rap sheet entries there is a reference to a parole

violation. Rodriguez-Garcia associates this reference with a prior entry that lists a

section 245(b) charge. Putting these two entries together, the majority infers that a

parole violation implies a prior conviction. Maj. Op. at 2. But the problem with

this inference is that the parole violation does not clearly refer to the section 245(b)

charge. In fact, the connection between the parole violation and the section 245(b)

charge is so unclear that it was missed by the experienced district court as well as

by both parties' lawyers in the proceedings below. At a minimum, the government

cannot be charged with actual knowledge of information that can be inferred only

through aggressive interpretation and guesswork. *See, e.g.*, *United States v. Sutton*,

2

794 F.2d 1415, 1423 (9th Cir. 1986) (holding that the government's agreement not to file charges against the defendant based on "conduct known to the government" referred only to criminal activity actually known to the government, not activity "that reasonably could have been known").

Because the district court's ruling was not clearly erroneous and because we may not hold that the government had actual knowledge of a conviction merely because it failed to make a chain of inferences, the government did not breach its plea agreement.  I dissent.

10/06/2011 THU 4:56 FAX 1  335 5736  --- BLG PROCESSING                    ☒028/034

19870219  CASD CORR CHINO

CNT:01    #D50749
 245(B) PC-ADW PEACE OFFICER/FIREMAN
 CRT #:32300

CNT:02
 459 PC-BURGLARY:FIRST DEGREE
 SEN FROM: KERN CO  CRT #32457
 SEN: 5 YEARS PRISON

19890626
 DISPO:PAROLED FROM CDC
  RECVD BY:CAPA KERN CO
 * * * *

ARR/DET/CITE:          NAM:02  DOB:19520224
 19891012  CAHP RIVERSIDE AREA

CNT:01    #I033168
 10851 VC-TAKE VEH W/O OWN CONSENT/VEH THEFT

CNT:02
 496 PC-RECEIVE/ETC KNOWN STOLEN PROPERTY

COURT:             NAM:02
 19891206  CAMC BANNING

CNT:01    #89-8074
 10851 VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
 DISPO:PROCEEDINGS SUSPENDED/DIVERSION
 * * * *

CUSTODY:CDC          NAM:03
 19950720  CASD CORRECTIONS

CNT:01    #D50749
 VIOLATION OF PAROLE
 -TO FINISH TERM
 COM: CCN-5135P299741
 * * * *

ARR/DET/CITE:          NAM:04  DOB:19491125
 19990706  USIS BRDR PAT EL CENTRO CA

CNT:01    #NOT REPORTED
 8 1325 US-ILLEGAL ENTRY

CNT:02
 8 1326 US-RE-ENTRY DEPORTED ALIEN
 * * * *

ARR/DET/CITE:          NAM:04  DOB:19491125
 20040814  USIS EL CENTRO BRD PTRL

CNT:01    #A070161003
 8 1325 US-ILLEGAL ENTRY
  COM: PROSECUTION DECLINED
  COM: SCN-0014253022G
 * * * *

26

34

```
    10  BECERRA-CISNEROS,CECILIO
    11  CISNEROS,CECILIO
    12  RODRIQUEZ,JUAN
    13  RODRIGUEZ-GARCIA,JAVIER
    14  GARCIA,JAVIER
    15  BECERRA,CECILIO CISNEROS
    16  CISNEROS,CECILIO BECERRA
MNU/FBI-710140NA3
     DOB-19520224  19491125  19500224  19511122  19501122 ---
     CDL-C0677779
     SOC-591638604
     INN-CDC-D050749 .CDC-F057702
****
19870219  CASDCORR CHINO
          D50749
       01:245(B) PC-ADW PEACE OFFICER/FIREMAN
       02:459 PC-BURGLARY:FIRST DEGREE
19890626  DISPO:PAROLED FROM CDC
****
19891012  CAHPRIVERSIDE AREA         DOB:19520224
          I033168
       01:10851 VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
       02:496 PC-RECEIVE/ETC KNOWN STOLEN PROPERTY
19891206  CAMCBANNING
          89-8074
       01:10851 VC-TAKE VEH W/O OWN CONSENT/VEH THEFT
          DISPO:PROCEEDINGS SUSPENDED/DIVERSION
****
19950720  CASDCORRECTIONS
          D50749
       01:VIOLATION OF PAROLE
          TO FINISH TERM
****
20061115  CASORIVERSIDE              DOB:19511122
          200651666
       01:11360(A) HS-SELL/FURNISH/ETC MARIJUANA/HASH
20061221  CAMCBLYTHE
          BLF004220
       01:11360(A) HS-SELL/FURNISH/ETC MARIJUANA/HASH
          *DISPO:CONVICTED COMMITTED TO PRISON
          CONV STATUS:FELONY
          SEN:072 MONTHS PRISON ,    CONSECUTIVE
20061221  DISPO:FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
****
20070105  CASDCORR DELANO
          F57702
       01:11360(A) HS-SELL/FURNISH/ETC MARIJUANA/HASH
**************************************************
WANTS NOT CHECKED - PLEASE CHECK NCIC WANTS
**************************************************

END OF RECORD
```

24